THE G. A. SCHADT MOTOR TRUCK CO. ET AL. *v.* DENGENHART.

*Constitutional law — Trial by jury — Cincinnati municipal court — Section 1558-15, General Code — Demand to be made before case assigned.*

1. There can be no abridgment of the right of trial by jury in courts created by the constitution, but in courts inferior to the courts of appeals which the legislature is authorized to create by Section 1, Article IV of the Constitution as amended in 1912, there may be trials without jury or trials by jury of less than twelve.
2. Section 1558-15, General Code, providing that actions in the municipal court of Cincinnati shall be tried to court unless a party demands a jury "before the day assigned for the trial of such case," does not deprive a party of his constitutional right to a jury trial or violate Section 26, Article II of the Constitution, requiring all laws of a general nature to have uniform operation.

(Decided December 7, 1917.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Robertson, Buchwalter & Oppenheimer,* for plaintiffs in error.

*Messrs. Herrlinger & Dixon,* for defendant in error.

GORMAN, J. · The defendant in error brought an action in replevin in the municipal court of Cincinnati against the plaintiffs in error to recover certain goods and chattels, consisting of a gasoline engine, generator, switchboard, magneto, carburetor, batteries, leather belt, gasoline tank, etc.

Four days before the trial of the case a journal entry in the municipal court recites that the cause was assigned on the trial docket for trial. On the day the case was called for trial, four days after it had been assigned, counsel for plaintiff sent to the court a written request for a jury trial. The court upon consideration overruled the application and demand for a jury trial, to which counsel for the plaintiff excepted. The cause was then tried and judgment rendered in favor of defendants. Error was prosecuted to the court of common pleas, which court reversed the judgment of the municipal court because the municipal court had refused to grant plaintiff a jury trial upon his written demand therefor on the day the cause was called for trial.

Error is prosecuted to this court from the judgment of the court of common pleas.

The sole question to be determined in this case is whether or not the defendant in error was entitled to a jury trial upon his demand made therefor upon the day the cause was called for trial.

The determination of this question involves the construction to be given Section 1558-15, General Code, being a part of an act to amend Sections 1558-4, 1558-6, 1558-15, 1558-16 and 1558-36, General Code, relating to the municipal court of Cincinnati.

Section 1558-15 provides:

"All actions in the municipal court [of Cincinnati] both civil and criminal shall be tried to the court unless a party to an action is entitled by law and demands in writing *before the day assigned for the trial of such action* [italics by the court] upon the merits of the action, a jury to try the issue of fact. In all civil actions where a jury is demanded, it shall be composed of six men having qualifications of electors," etc.

The municipal court of Cincinnati was created by a special act of the legislature passed April 17, 1913 (103 O. L., 279), entitled, "An act providing for enlarging and extending the jurisdiction of the Police Court in the city of Cincinnati, and changing the name of such court to the Municipal Court of Cincinnati." Section 1558-15, *supra,* is a part of the amendment to the original act creating the municipal court of Cincinnati.

It will be noticed that Section 1558-15 provides that to secure a jury trial in the municipal court a party must first be entitled to demand one, and, secondly, he must make the demand in writing before the day assigned for the trial of such action upon the merits.

In the instant case no demand was made for a jury trial until the day the case was to go to trial, too late to entitle the demandant to a jury under the section above cited.

It is contended that this section is unconstitutional in that it deprives the litigant of a jury trial, and is violative of Section 26, Article II of the Constitution of Ohio, which provides:

"All laws, of a general nature, shall have a uniform operation throughout the state."

It is claimed and admitted that this section above cited applies only to the municipal court of Cincinnati. There are other municipal courts in the state of Ohio, in Cleveland, Hamilton, Dayton, Middletown and other cities, all of which courts were created by special acts of the legislature, and none of which contain a provision similar to the one relating to the municipal court of Cincinnati with reference to the demand for a jury. It is claimed, therefore, by defendant in error that the subject-matter of juries is one of a general nature, and being of a general nature it must have a uniform operation throughout the state under Section 26, Article II of the Constitution.

The constitution of the state as amended in 1912, Section 1, Article IV, provides that:

"The judicial power of the state is vested in a supreme court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law."

This section of this article of the constitution clearly gives the legislature the power to create courts inferior in jurisdiction to the courts of appeals, and the legislature acting under this grant of power created the municipal court of Cincinnati and the other municipal courts which exist in the state. The superior court of Cincinnati was created in conformity to this provision of the constitution.

Before this amendment of the constitution the section just cited provided:

"The judicial power of the state is vested in a supreme court, circuit courts, courts of common

pleas, courts of probate, justices of the peace, and such other courts inferior to the supreme court as the general assembly may from time to time establish."

The change in this section eliminated from constitutional courts justices of the peace, and provided that courts inferior to the courts of appeals instead of inferior to the supreme court might be established from time to time.

The legislature in 1896 established the court of insolvency of Cuyahoga county by a special act, 92 Ohio Laws, 475; subsequently its jurisdiction was extended and added to, 93 Ohio Laws, 464, and 94 Ohio Laws, 353.

In the case of *State, ex rel. Attorney General,* v. *Bloch,* 65 Ohio St., 370, the supreme court held that this act establishing the court of insolvency in Cuyahoga county was a constitutional enactment and that under the grant of power contained in Section 1, Article IV, the legislature had plenary power to establish the court by a special act and define its jurisdiction and procedure. In that case the objection was urged that the act creating the insolvency court of Cuyahoga county contravened Section 26, Article II of the Constitution, in that the court was made to have jurisdiction only in Cuyahoga county and that it should have been created by a general act. The court, on page 390 of the case above cited, says:

"The objection made is a general one, namely, that being local in its operation, it undertakes to provide for the establishment of a court, which, it is claimed, is a subject of a general nature, and upon which legislation is forbidden that is not

available and operative alike in all parts of the state. The inquiry here may be further reduced by the concession that the statute is limited in its operation to a single county. That Section 26 of Article II of the Constitution imposes a limitation upon the legislative power conferred by Section 1 of that article, is not disputed. But, by Section 1 of Article IV, there is a special grant of legislative power upon a particular subject, which itself prescribes the rule for the government of the legislative body in the exercise of that power. It provides that: 'The judicial power of the state is vested in a Supreme Court, circuit courts, courts of common pleas, courts of probate, justices of the peace, and such other courts inferior to the Supreme Court, as the general assembly may from time to time establish.' The power is here undoubtedly granted to the general assembly to create courts other than those enumerated in the section. * * * That language vests in that body [the general assembly] full power to determine what other courts it will establish, local, if deemed proper, either for separate counties or districts, and to define their jurisdiction and powers."

The act of the general assembly in creating the municipal court of Cincinnati came under the review of the supreme court in the case of *State, ex rel. Fox,* v. *Yeatman,* 89 Ohio St., 44, and on the authority of *State, ex rel.,* v. *Bloch, supra,* the enactment creating the municipal court of Cincinnati was upheld and sustained. In deciding the case Judge Shauck uses this language on page 47:

"In support of that conclusion it is urged upon our attention that all laws affecting cities must

now be general laws, else they are subject to the home-rule provisions of the article referred to. But the force of this objection disappears when it is remembered that at the time of the decision of *State, ex rel.,* v. *Bloch,* and the passage of the other statutes referred to, laws of uniform operation throughout the state were required upon all subjects of a general nature and that the provisions of Article XVIII as amended have no relation to the judicial organization of the state, but only to the government of municipal corporations."

There can be no question, therefore, as to the constitutionality of the act creating the municipal court of Cincinnati, but it is claimed that in view of the fact that the question of jury trial is one of a general nature, even though it be conceded that the legislature has power to create a municipal court by a special act, nevertheless in providing for juries in those courts the act which provides for juries must have a uniform operation throughout the state. In other words, it must have the same operation in every municipal court in the state.

But it appears to us that if the legislature has the power to create a special court by a special act —which court is inferior in its jurisdiction to the courts of appeals—then the legislature must also provide the method of procedure, the manner of trial and every other matter relating to the trial of a cause. The legislature might provide in an act creating a special inferior court that civil cases should not be tried to a jury at all. If it has the power to create a court, it has the power to pre-

scribe the extent of its jurisdiction and the mode of trial therein.

The case of *Silberman et al.* v. *Hay,* 59 Ohio St., 582, decided under Section 26, Article II of the Constitution, supports the contention of defendant in error that "the right of trial by jury is a subject-matter of general legislation, and laws affecting it must be uniform in operation throughout the state." But that case was one which affected Cuyahoga county alone, and applied to the court of common pleas of Cuyahoga county. The court held that law to be unconstitutional because it did not have uniform operation throughout the state and applied to only one county, Cuyahoga. But the jury law affected the courts of common pleas of Cuyahoga county. That court was a constitutional court, and not an inferior court, such as the municipal court of Cincinnati. It appears to us, therefore, that this case has no application to the case under consideration, because the legislature could not provide a law affecting the court of common pleas in one county of the state of Ohio which would be different from the laws affecting the courts of common pleas in other counties in the state.

In the case of *Work* v. *State of Ohio,* 2 Ohio St., 296, the court had under consideration the question of whether or not a trial by a jury consisting of six men was a jury trial within the meaning of the constitution. In deciding the case Judge Ranney held that the jury spoken of in the constitution was a jury of twelve and that it applied to criminal cases. On page 305 he says:

"We are of opinion it [the jury] was this very tribunal, thus constituted, that those who framed and adopted the constitution of this state intended to perpetuate and make the safeguard of innocence, by securing its benefits to every person accused of crime in any of its courts."

On page 307 he says:

"It would not be appropriate, nor do we intend to extend this opinion to determine the application of the right of trial by jury in civil cases. It is, however, well known that it never extended to all courts having civil jurisdiction, nor to the trial of all disputed facts."

And on page 308 he says:

"We do not intend to imply a doubt of the constitutionality of the act allowing juries before justices of the peace, composed of six men. Wherever facts are to be found in any proceeding, in which a jury was not required by the common law, a jury of any number may be authorized, within the discretion of the legislative body."

In the case of *Norton* v. *McLeary,* 8 Ohio St., 205, the court held that what was decided in the case of *Work* v. *State, supra,* was that the framers of the constitution when they spoke of a jury meant a jury as constituted at common law, twelve men. And the court further adds, at page 208:

"Neither under the constitution of 1802, which contained the same provision as to the right of trial by jury, nor under the present constitution, has legislative provision ever been made in this state for the intervention of such a jury, in the trial of civil actions before justices of the peace.

"At common law, juries were no part of the machinery of such inferior courts; and it can not be supposed that the framers of the present constitution, by adopting from the constitution of 1802 the provision relied on, intended any change in this respect."

It would appear, therefore, that at common law the litigants were not entitled to a jury trial in inferior courts; that is, in courts inferior to the common pleas, king's bench, exchequer, or high court of chancery. County courts and other inferior courts in England were vested in power and authority to try cases without a jury, or with a jury composed of a less number than twelve. In the high courts above enumerated where a jury was had as a matter of right, it was a jury of twelve men. That same idea has been carried into the constitution and the laws of our own state, and in fact into the constitution and laws of almost all of our states; and when the constitution speaks of the right of trial by jury it means twelve men, in a constitutional court.

There can be no abridgment of the right of trial by jury in the constitutional courts, but in the inferior courts which the legislature is authorized to create there may be trials without a jury at all, or trials by juries of less than twelve.

In the case under consideration we hold that the legislature creating the municipal court of Cincinnati and providing for its procedure did not contravene any provision of the constitution of the state when it provided, among other things, that a party desiring a trial by jury must make his demand in

writing in the municipal court of Cincinnati before the day on which the case is assigned for trial.

For the reasons stated the judgment of the court of common pleas is reversed.

*Judgment reversed.*

Jones, P. J., and Hamilton, J., concur.